**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                          CASE NO. 15-08004

BENITO COTTO PASTRANA                CHAPTER 13
LUZ MARIA ALAMO PEREZ

    **Debtor(s)**                              FILED & ENTERED ON 06/28/2017

## ORDER

Before the court is attorney for Debtors' *Motion Requesting Compensation* [Dkt. No. 84] ("Counsel"); Debtors' *Motion to Alter or Amend Confirmation Order* [Dkt. No. 85]; *Trustee's Opposition to Debtor's Counsel Application for Compensation* (Docket No. 84) ("Trustee") [Dkt. No. 102]; and Debtors' *Reply to Trustee's Opposition to Debtor's Counsel Application for Compensation (Docket No. 84)* [Dkt. No. 104]. For the reasons stated below, Debtors' *Motion Requesting Compensation* and *Motion to Alter or Amend Confirmation Order* are both DENIED.

The pertinent facts are as follows. This chapter 13 case was filed on 10/14/2015. On that same date, Counsel for Debtors filed his 'Disclosure of Compensation of Attorney for Debtor.' [Dkt. No. 1]. In this form, Counsel for Debtors stated that he agreed to accept $3,000.00 for legal services. However, in another section of the form marked "Other provisions as needed," Counsel added this language:

> The fee agreement between Legal Partners, PSC and debtor(s) provides for fees to be billed at the standard rate of $225.00 per hour for services performed by Juan M. Suarez Cobo. However, matters attended by paralegal staff will be charged at the rate of $90.00 per hour and services of in-house accountant will be charged at the rate of $110.00 per hour. If the services of associate attorneys are required, their services will be charged at a normal rate of $185.00. Expenses will be charged at their cost/price. A detailed application for fees will be

-1-

submitted for approval by the court, or an election to be compensated under "no-look" pursuant to L.B.R. 2016-1(f) will be made. This disclosure should be construed in harmony with 11 U.S.C. §330(a)(4)(B), and Local Rules. The fees were collected by the corporation Legal Partners, PSC., and the undersigned has not retained any amounts from these funds.

The chapter 13 Plan filed on 11/18/2015 [Dkt. No. 23] contained the following provision with respect to the payment of attorney fees:

**2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)**
**(a)** Estimated attorney's fees up to confirmation of the plan. To receive attorney's fees compensation in excess of those provided by Local Bankruptcy Rule (L.B.R.) 2016-1(f) for services rendered up to the confirmation of the plan, ***a detailed application for fees and expenses will be filed before confirmation*** or as otherwise provided by the Court.
Statement of estimated attorney's fees **$ 3,000.00**
Attorney's fees paid pre-petition **($ 427.00)**
Statement of estimated outstanding balance **$ 2,573.00**
**[Emphasis ours].**

It is self-evident from reading the Plan that the "no look" fee of $3,000.00 set forth by PR LBR 2016-1(f) is accepted as full payment for legal services rendered up to and including the confirmation of the Plan. However, a caveat in the Plan would allow counsel to receive in excess of the "no look" fee if a detailed application is timely filed. After several confirmation hearings were rescheduled, on 6/29/2016, the court issued a notice scheduling the confirmation hearing to 9/8/2016 [Dkt. No. 72]. Pursuant to PR LBR 3015-2(f) the court entered the Order [Dkt No. 82] confirming the chapter 13 Plan dated 11/16/2015 on 9/7/2016, as the same had been favorably recommended by the chapter 13 trustee on 8/31/2016 [Dkt. No. 80]. Counsel's Motion requesting compensation was filed on 9/20/2016 [Dkt. No. 84]. In said motion, Debtors' Counsel requested the approval of attorney's fees in the amount of $6,500.00 for legal services of which $850.00 were paid prepetition for a balance of $5,650.00. On the same date, Debtors' Counsel filed a *Motion To Alter Or Amend Confirmation Order*. [Dkt. No. 85]. In the motion, Debtors

requested that the Confirmation Order reflect the correct amount of attorney's fees considering the application for compensation filed at docket number 84.

PR LBR 3015-2 Chapter 13 Plan Requirements and Confirmation sets forth this Districts parameters for confirmation of chapter 13 plans. Specifically, PR LBR 3015-2(f) states:

…

**(f) Amended Plan Filed Less Than 14 Days Before First Confirmation Hearing or After the First Confirmation Hearing.** If an amended plan is filed less than fourteen (14) days before the first confirmation hearing or is filed after the first confirmation hearing, objections to that amended plan must be filed no later than fourteen (14) days after the date the amended plan is filed. The objection shall be made by motion setting forth the facts and legal arguments that give rise to the objection in sufficient detail to allow the debtor to file a reply or an amended plan that addresses the objection. **The amended plan may be confirmed prior to the contested confirmation hearing date if no objection is filed within fourteen (14) days from the date that the amended plan is filed.** [Emphasis ours].

On 8/24/2016, fourteen (14) days prior to the Order Confirming Plan being entered by the court, the Chapter 13 Trustee filed a Motion to Inform [Dkt. No. 79], which resolved a previously pending objection to the Plan dated 11/16/2015 [Dkt. No. 23]. On 8/31/2016, the Chapter 13 Trustee filed a favorable recommendation of the Plan [Dkt. No. 80]. Following these two filings from the Chapter 13 Trustee, the Debtors were on notice that the Plan could be confirmed without a hearing pursuant to PR LBR 3015-2(f). In fact, it has been the practice of this court since before PR LBR 3015-2 was enacted on 5/2/2013,[1] to enter the order confirming the plan and vacating the hearing.

As per the Debtors' 'Disclosure of Compensation of Attorney for Debtor.' [Dkt. No. 1] and their chapter 13 Plan [Dkt. No. 13], it was their stated intention to file a detailed application for fees and expenses before the confirmation of the Plan. The Debtors' knew the date the confirmation hearing was to be held, knew there was no objection to their Plan, and knew that

---

[1] See General Order 13-01

-3-

their Plan was favorably recommended by the Chapter 13 Trustee. To their peril, Debtors' failed to timely file an application for legal fees which exceeded the "no look" fee stated in their Plan.

PR LBR 2016-1(f) allows attorneys two options for obtaining payment in chapter 13 cases. The first is to accept a set amount of $3,000.00 for all work performed up to and including the confirmation of the plan without having to file a detailed application of the fees, costs and expenses. The other is to charge an hourly rate and prior to the confirmation of the plan file a detailed application to be approved at the confirmation hearing together with the plan. In the case presently before the court, Debtors' counsel wrote both options into the 'Disclosure of Compensation of Attorney for Debtor,' thereby creating a contradiction in the disclosure itself. Both options were also written in the Plan. This approach to compensation in chapter 13 cases does not follow the inherent intent of PR LBR 2016-1(f).

SO ORDERED

San Juan, Puerto Rico, this 28th day of June, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

-4-